# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. MELCHIONNE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JAMES E. TILTON,<br><br>　　　　　Respondent.<br>_____/ | 1:08-cv-00116 OWW DLB HC<br><br>ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING MOTION TO FILE SUPPLEMENTAL PETITION, GRANTING LEAVE TO FILE SECOND AMENDED PETITION AND DIRECTING CLERK OF COURT TO SEND BLANK § 2254 FORM PETITION<br><br>[Docs. 1, 6] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus on January 18, 2008. (Court Doc. 1.) On February 6, 2008, Petitioner filed a motion for leave to file a supplemental petition, along with the supplement to the petition. (Court Doc. 6.)  The Court will address both petitions in the instant order.

DISCUSSION

　　　　Rule 2 of the "Rules Governing Section 2254 Cases" provide that the petition:

> " . . . shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and Shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), 28 U.S.C. § 2254. Additionally, the Advisory Committee Note to these rules explains that:  " '(N)otice' pleading is not sufficient, for the petition is expected to state facts that point to a

'real possibility of constitutional error.' " 28 U.S.C. § 2254, p. 1111; *Quoted approvingly in* Blackledge v. Allison, 431 U.S. 63, 75 n.7, 97 S.Ct. 1621 (1977).   In addition, Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

      A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

      In the initial petition, it appears that Petitioner is challenging a California Department of Corrections and Rehabilitation Rules Violation Report for murder, issued March 20, 2005. Petitioner contends that he was framed for the murder, as he was placed in a cell with another inmate who posed a threat to each others safety.  Petitioner contends that he was denied a full hearing regarding the violation, he did not have a three member panel, was denied the right to present documentary evidence, and was denied the right to call witnesses and review confidential information.  Petitioner further contends that he has been denied parole because of the Rules Violation Report.  In addition, Petitioner contends that he was transferred to a different prison in retaliation and is being subjected to atypical and significant hardship.

      In the supplement to the petition, it appears that Petitioner is challenging the Kings County Superior Court murder conviction arising from the same factual circumstances as the Rules Violation Report.  Petitioner contends that on January 22, 2007, he was fraudulently induced into accepting a plea agreement on the murder charges.  He contends his defense counsel

was ineffective by failing to investigate mitigating evidence and failing to file proper discovery motions. In addition, Petitioner contends that his 75-years-to-life sentence violated his right to a jury trial as he never admitted the prior convictions and he was not allowed to present any mitigating evidence.

It is not quite clear what Petitioner is challenging in the current petition. Petitioner states that he received a Rules Violation Report, was placed in administrative segregation, was denied due process, was transferred to a different prison in retaliation, was denied parole, and was sentenced to 75-years-to-life in state court. It appears that Petitioner is attempting to challenge the rules violation report, the resulting hearing, the placement in administrative segregation, the transfer to a different prison, the denial of parole, and the murder conviction in the state court. Petitioner is advised that he may not challenge several different decisions in a single petition; he must challenge one decision per habeas petition. For instance, if Petitioner is seeking to challenge the rules violation report, resulting hearing, and resulting sanctions, his denial of parole, and his state court conviction for murder, he must file *three* separate petitions. Separate petitions are required because exhaustion, venue, procedural default issues, statute of limitations, mootness concerns, and remedies are different for each decision. In addition, as outlined above, to the extent Petitioner is attempting to challenge the conditions of his confinement he must do so by way of a § 1983 civil rights complaint.

The court will grant Petitioner leave to determine which decision he wishes to challenge in the instant petition. Petitioner is advised that whichever decision he decides to challenge, he must have exhausted the state court remedies with respect to those claims. A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). Exhaustion requires the fair presentation of claims to the highest state court, i.e. the California Supreme Court. Jackson v. Cupp, 693 F.2d 867, 869

(9th Cir. 1982).

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT a SECOND AMENDED PETITION that clearly indicates which single decision he intends to challenge in the instant petition and provide a brief statement of each claim and the supporting facts. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury;

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254; and,

3. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **March 3, 2008**                          /s/ **Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE